In the Matter of the Proceedings for the Probate of the Last Will and Testament of MARY E. SHATTUCK, Deceased.

WILLIAM A. COOK, by ROBERT DORNBURGH, His Special Guardian, Appellant; HORACE A. MOSES, as Executor, etc., of MARY E. SHATTUCK, Deceased, Respondent.

Third Department, March 13, 1907.*

Will — trust for charitable uses — corporations — power to take — when trust not void for indefiniteness — power of Supreme Court to supervise gift to charitable uses.

Section 6 of chapter 319 of the Laws of 1848 (as amd. by Laws of 1903, chap. 623), providing that certain corporations shall not take more than one-half of an estate under a will made within two months of the death of a testator, affects only corporations formed under that act and has no application to other corporations.

When a testator devises his residuary estate in trust, the rents and profits to be expended by the executor annually and paid over to religious, educational and eleemosynary institutions as in his judgment shall seem advisable, not more than $500 to be paid to any one institution in any one year, although the will is indefinite as to any particular beneficiary or any particular charitable purpose, the indefiniteness does not invalidate the gift when the purpose can be ascertained to be of a charitable nature.

Such will should not be held to be invalid upon the ground that the trustee may in his discretion pay to corporations formed under the act of 1848 and not enti-

---

*Proof not received in time for insertion in proper place.

tled to take, because by section 2 of chapter 701 of the Laws of 1893 (as amd. by Laws of 1901, chap. 291), the Supreme Court has control over gifts, bequests and devises of that nature, and may be appealed to at any time in order that the gift may take the course indicated, and not go to societies incompetent to take or for purposes not contemplated by the testator.

APPEAL by William A. Cook, by Robert Dornburgh, his special guardian, from a decree of the Surrogate's Court of the county of Essex, entered in said Surrogate's Court on the 30th day of August, 1906, admitting to probate the will of Mary E. Shattuck, deceased, and overruling the objections thereto.

*Robert Dornburgh*, for the appellant.

*H. D. Hoffnagle* [*Edgar T. Brackett* of counsel], for the respondent.

KELLOGG, J.:

By the 8th clause of the will the testatrix gave all of the residue of her real and personal estate to her executor, in trust, however, "the rents, profits and income thereof to be expended by him annually and to be paid over to religious, educational or eleemosynary institutions, as in his judgment shall seem advisable, not more than $500, however, to be paid to any one such institution in any one year."

Section 6 of chapter 319 of the Laws of 1848 (as amd. by Laws of 1903, chap. 623), providing that certain corporations shall not take more than one-half of an estate under a will made within two months of the death of a testator, applies only to corporations formed under that act; other corporations are unhampered by the provisions of section 6, the only surviving section of the original statute. (*Matter of Lampson*, 161 N. Y. 511–520.)

It is urged by the appellant that the trustee has power under the will to so distribute the estate that corporations formed under the original act of 1848 may receive the benefits of it in violation of that act, and that while the will provides for the payment of the income to religious, educational and eleemosynary institutions, that the educational institutions may be public or private, may be conducted as a charity or for gain, and that the trustee may so administer the trust that educational institutions conducted for the pur-

pose of gain may receive all or a part of the income from the estate.

These contentions overlook the fact that the will itself, by giving the income to such corporations, shows an intent that it shall be used for the charitable purposes which those institutions represent, and that section 2 of chapter 701 of the Laws of 1893 (as amd. by Laws of 1901, chap. 291), which act is entitled "An act to regulate gifts for charitable purposes," provides that the Supreme Court "shall have control over gifts, grants, bequests and devises in all cases provided for by section one of this act," and the act relates to gifts for the uses indicated by this will. The Supreme Court, therefore, may be appealed to at any time to require that this gift take the course indicated, and that it shall not go to societies incompetent under the law of taking it, or be used by any society for a purpose not contemplated by the statute or the testator.

The will is indefinite as to any particular institution or any particular charitable purpose, but the mere indefiniteness of the provision when the purpose of it is ascertained to be of a charitable nature does not invalidate it. (*Allen* v. *Stevens*, 161 N. Y. 122.)

It is apparent that the testatrix intended her property for the charitable uses indicated by the class of institutions to which she has directed the moneys to be paid, and the Supreme Court, from time to time, will see that the fund is properly administered and that it goes into the channels contemplated by the testatrix and the statute.

The decree of the surrogate should be affirmed. No costs are awarded against the special guardian, appellant.

Decree unanimously affirmed, with costs.